UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>KHALIL VANCE, | Criminal Action No. 23-520 (SRC)<br><br>OPINION AND ORDER |

**CHESLER, District Judge**

This matter comes before the Court on the motion of *pro se* Defendant, Khalil Vance. On December 13, 2024, Vance filed a one-page brief which states: "I am asking the courts to dismiss my 922(g)(1) because it is deemed unconstitutional." The Court understands this to refer to the criminal statute Defendant was convicted of violating, 18 U.S.C. § 922(g)(1). (See Judgment filed 11/15/2023, Docket Entry No. 27.) For the reasons that follow, this putative motion to dismiss is not cognizable in this criminal case in its current form.

As the Government points out in opposition, "there is nothing pending that would be subject to dismissal, and Vance's motion should be denied for this reason alone." (Pl.'s Opp. Br. at 1.) The Government notes that Vance seeks to challenge his conviction as unconstitutional, and this Court agrees. What Defendant has called a "motion to dismiss" is in fact an attempt to challenge his conviction and sentence collaterally. The presumptive means for challenging a conviction or sentence collaterally is a motion brought pursuant to 28 U.S.C. § 2255. See Okereke v. United States, 307 F.3d 117, 120-21 (3d Cir. 2002) (§ 2255 is the presumptive means for challenging a conviction, resort to § 2241 or other alternative means is not available absent circumstances not present in this case). Because a § 2255 motion would be the proper vehicle through which Defendant could collaterally attack his § 922(g)(1) conviction and sentence, this

1

Court is inclined to reconstrue Defendant's motion as a motion to vacate sentence pursuant to 28 U.S.C. § 2255.

Before this Court converts his motion into a § 2255 motion to vacate sentence, the Court is required by <u>Castro v. United States</u>, 540 U.S. 375 (2003), to notify Petitioner of the legal consequences of such recharacterization and to advise him of his options.

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 22 U.S.C. § 2244, a prisoner challenging the legality of a sentence imposed by a federal court through a habeas corpus petition under 28 U.S.C. § 2255 must include all potential claims in a single, comprehensive petition which must be filed within one year of the date when the judgment of conviction became final. Except in very limited circumstances, a prisoner is barred from filing a second or successive habeas corpus petition.

Recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions under AEDPA.

Because Defendant will likely be barred from presenting a later § 2255 motion should he proceed with his current filing, Defendant will be required to tell the Court how he would like to proceed by choosing one of the following options and notifying the Clerk of his choice pursuant to the terms of this Order. Accordingly, Defendant may:

    a. Have his motion ruled upon as filed as his one, all-inclusive § 2255 motion; or

    b. Withdraw his current motion, and file one all-inclusive § 2255 application within the one-year statutory period allotted under 28 U.S.C. § 2244(d).

Under option (a), the Court will recharacterize and adjudicate Defendant's current filing as his one, all-inclusive § 2255 motion and decide the motion as such.  Absent certification by the

Court of Appeals for the Third Circuit and extraordinary circumstances, Petitioner will lose his ability to file a second or successive application under § 2255.

Under option (b), if the pending motion was filed within the one-year statutory period allotted under 28 U.S.C. § 2244(d), then the statute of limitations will be tolled from the date Defendant handed his pending motion to prison officials for mailing to the Clerk of the Court until forty-five days after Petitioner receives this Order.  Under these circumstances, if Defendant's pending motion was filed within the one-year limitations period, he will have the forty-five day response period plus any additional time remaining within his 365-day statute of limitations period to draft and hand to prison officials for mailing to the Clerk his one all-inclusive § 2255 petition. If his current motion was untimely filed pursuant to § 2255 at the time it was handed over to be mailed, however, nothing in this Order shall be construed as rendering that motion timely or as a finding that Defendant is entitled to any form of equitable tolling of however much of the one year limitations period had already elapsed at the time of Defendant's filing of his current motion.

If Petitioner chooses option (b), he must resubmit his one, all-inclusive petition on the form provided by the Clerk of the Court, AO 243 (modified): DNJ-Habeas-004 (Rev. 01-2014). The Clerk shall be directed to provide said form to Defendant along with this Order.

**THEREFORE**, it is on this 20th day of February, 2025,

**ORDERED** that the Clerk of the Court shall reopen this matter for the purposes of this Order only; and it is further

**ORDERED** that Defendant's current motion (Docket Entry No. 32) shall be terminated as a separate criminal motion in this matter; and it is further

**ORDERED** that Defendant may either (a) have his motion ruled upon as filed; or (b) withdraw his motion and file an all-inclusive § 2255 motion, on the form supplied by the Clerk, subject to the one (1) year limitations period described in 28 U.S.C. § 2255; and it is further

**ORDERED** that Defendant shall within forty-five (45) days of the date of this Order advise the Court as to his decision regarding his motion; and it is further

**ORDERED** that if Defendant fails to notify the Court within forty-five days, this Court will recharacterize Defendant's motion (Docket Entry No. 32) as a § 2255 motion, direct the Clerk to file the motion on its own separate docket as a § 2255 proceeding, and either order the government to respond or rule on the application as filed; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order, as well as a blank § 2255 motion form, AO 243 (modified): DNJ-Habeas-004 (Rev. 01-2014), on Defendant by regular mail and shall CLOSE the file.

                                                s/ Stanley R. Chesler
                                         Hon. Stanley R. Chesler,
                                         United States District Judge